THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>SONNY PERDUE, Acting Secretary of the U.S. Department of Agriculture,<br><br>  Defendant. | CASE NO. C17-0280-JCC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Sonny Perdue's motion for summary judgment (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

Plaintiff Gerald Williams alleges he is an employee of the United States Forest Service, a sub-agency of the United States Department of Agriculture (USDA). Plaintiff alleges he was subject to a hostile work environment and retaliated against for engaging in protected activities in violation of Title VII, 42 U.S.C. § 2000e-16. (*See* Dkt. Nos. 1, 5.)

Plaintiff filed a formal complaint with the USDA on April 16, 2015, and elected a hearing by an Equal Employment Opportunity Commission (EEOC) administrative law judge

(ALJ). (Dkt. No. 17 at ¶ 2; Dkt. No. 17-1.) However, on March 15, 2016, he withdrew his request for a hearing in order to proceed in a United States District Court. (Dkt. No. 17-2 at 2, 14.) On March 16, 2016, the ALJ granted the motion, and instructed the parties to take "whatever action is appropriate." (*Id.* at 2.)

On June 14, 2016, the USDA issued its Final Order and notified Plaintiff that if he chose to proceed with a civil action in federal district court, he must do so within 90 days. (Dkt. No. 18-1 at 4, 5.) On the same day, the USDA sent the Final Order by certified mail to Plaintiff and his attorney at the mailing addresses listed in the proceedings before the EEOC.[1] (Dkt. No. 18 at ¶ 3; Dkt. No. 18-1 at 7; Dkt. No. 18-2 at 2; Dkt. No. 22-1.) The tracking information indicates that the Final Order was available for pickup by Plaintiff on June 18, 2016. (Dkt. No. 18-2 at 2.) It remained available until July 5, 2016, and was then returned to the USDA as unclaimed. (*Id.*) It is unclear from the tracking information whether Plaintiff's counsel ever received the Final Order. (Dkt. No. 18-4 at 2.)

On February 21, 2017, 248 days after the Final Order was delivered, Plaintiff filed this action. (Dkt. No. 1.) Defendant now moves for summary judgment, and argues the complaint is time barred and not subject to equitable tolling. (Dkt. No. 16.)

## II.  DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly

---

[1] Plaintiff argues the Final Order is dated June 16, 2016, not June 14, (*see* Dkt. No. 18-1 at 2), and therefore it was impossible that the Final Order was mailed on June 14 as Defendant states. (Dkt. No. 20 at 7.) However, the Final Order is dated two other times as June 14, 2016. Regardless of the date discrepancy, this does not create a *material* dispute of fact because the possible, although unlikely, two-day mailing delay did not cause Plaintiff to file his complaint almost 200 days too late.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
PAGE - 2

made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

A plaintiff must file her complaint within 90 days of receipt of an agency's final action to bring a Title VII claim in federal court against her federal employer. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.4079(a). The period for filing suit runs from the claimant or her attorney's receipt of notice, whichever date of receipt comes first. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990). In the Ninth Circuit, "receipt" occurs when delivery is *attempted* at the address of record. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997); *Noonan v. Seattle City Light*, 2016 WL 5109653, at *2 (W.D. Wash. Sept. 20, 2016). Where that date is known, the Court "deem[s] the claimant to have received notice on that date, regardless of whether the claimant personally saw the right-to-sue letter." *Payan*, 495 F.3d at 1122.

Plaintiff attempts to argue that Ninth Circuit case law supports his position that he needed actual notice of his right to sue. (Dkt. No. 20 at 9.) However, actual notice is not required and the cases he cites do not support his position. *See Payan*, 495 F.3d at 1122. Plaintiff also argues that efforts to send the Final Order to Plaintiff's counsel were "unreasonable" and "legally insufficient." (Dkt. No. 20 at 12.) However, receipt turns on when a claimant *or* her attorney received notice; notice to both is not required. *See Irwin*, 498 U.S. at 92. Here, there is no dispute

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
PAGE - 3

1  that Defendant used the proper mailing address and that the Final Order was delivered to
2  Plaintiff on June 18, 2016. (*See* Dkt. No. 18-2 at 2.) It is also undisputed that Plaintiff filed this
3  action on February 21, 2017, 248 days after receipt. (Dkt. No. 1.) Therefore, Plaintiff's claim is
4  time barred because he did not file this action within 90 days of receipt of the Final Order.

5        Plaintiff also argues that he is entitled to equitable tolling. (Dkt. No. 20 at 13.) "Equitable
6  tolling is, however, to be applied only sparingly." *Nelmida*, 112 F.3d at 384. For example, the
7  Supreme Court has allowed equitable tolling when "the statute of limitations was not complied
8  with because of defective pleadings, when a claimant was tricked by an adversary into letting a
9  deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate."
10 *Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (collecting cases). "Courts have been
11 generally unforgiving . . . when a late filing is due to claimant's failure 'to exercise due diligence
12 in preserving his legal rights.'" *Id.* (quoting *Irwin*, 498 U.S. at 96).

13       Plaintiff claims "extraordinary circumstances beyond his control prevented him from
14 filing suit earlier." (Dkt. No. 20 at 14.) Plaintiff explains that he lives in Concrete, Washington,
15 but maintains a Darrington, Washington, address—the same address Defendant mailed the Final
16 order to—as a "practical choice" because he works in Darrington. (Dkt. No. 20-1 at ¶¶ 2, 3.) He
17 claims that during fire season, which runs from mid-June to mid-September, receiving mail
18 during business hours is difficult. (*Id.* at ¶ 4.)

19       James Britton Davis, Plaintiff's supervisor, testified that during the period of "late June to
20 early July 2016, [Plaintiff] would have spent approximately half of his time in the field [in
21 remote locations] and the other half working at his desk" in Darrington. (Dkt. No. 23 at ¶ 6.)
22 When in Darrington, Plaintiff generally worked from 8:00 a.m. until 4:30 p.m., with a half hour
23 lunch break. (Dkt. Nos. 23-1, 23-2, Dkt. No. 28 at ¶ 8.) The Darrington Post Office website
24 states the office is open from 8:30 a.m. to 4:00 p.m., Monday through Friday. (Dkt. No. 28 at 7.)
25 Plaintiff also states the office is closed for lunch from 12:00 p.m. to 12:30 p.m.; however, the
26 Post Office website does not include this limitation. (*Compare id.* at ¶ 5 with *id.* at pg. 7.)

1	Viewing the facts in light most favorable to Plaintiff, Plaintiff's work schedule made it
2	very difficult for him to collect mail during the time the Final Order was at the Darrington Post
3	Office. However, the Court is unwilling to extend the equitable tolling doctrine to this set of
4	facts. By Plaintiff's own admission, the Final Order was mailed to the proper and most
5	"practical" address. (Dkt. No. 20-1 at ¶¶ 2, 3.) Plaintiff did not exercise due diligence when he
6	filed this matter 248 days after receipt of the Final Order. The Court acknowledges that some
7	potential plaintiffs who also have P.O. Boxes and busy work schedules will be unable to file suit
8	in the 90-day window. Nevertheless, those circumstances are not the kind necessary to apply the
9	"sparingly" used equitable tolling doctrine. *Nelmida*, 112 F.3d at 384. Therefore, Plaintiff is not
10	entitled to equitable tolling and Defendant's motion for summary judgment is GRANTED.[2]

## III.  CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 16) is GRANTED. The Court directs the Clerk to CLOSE the case.

DATED this 25th day of July 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also argues his attorney's tragic circumstances beyond her control counsel equitable tolling. (Dkt. No. 20 at 14–15.) However, his attorney's circumstances have no bearing on why Plaintiff was not able to retrieve his mail.